## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [ ] FEPA | |
| [X] EEOC | 493-2015-00532 |
| | and EEOC |

State or local Agency, if any

| Name *(Indicate Mr., Ms., Mrs.)*<br>**Ry"Kia Lacey** | Home Phone *(Incl. Area Code)*<br>**870-572-5514** | *Date of Birth*<br>**07/12/1993** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **250 Fairview, Helena-West Helena, AR 72342** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**Norac, Inc. d/b/a/ Norac Additives** | No. Employees, Members<br>**15 or more** | Phone No. *(Include Area Code)*<br>**870-572-9061** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **360 Phillips 311 Road, Helena-West Helena, AR  72390** | |

| DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE(S) DISCRIMINATION TOOK PLACE<br>12/01/2014 |
|---|---|
| [x] RACE      [×] RETALIATION | |

### THE PARTICULARS :

On December 1, 2014 I was terminated along with my mother Valerie Lacey. I was told that the company was downsizing and job responsibilities were being transferred to California. The job responsibilities were not transferred and remain in the local office. The supposed downsizing came immediately after Valerie Lacey refused to sign an affidavit in support of Norac in connection with a lawsuit filed by Kesheanna Jackson on the basis of discrimination, equal pay and retaliation. I believe I was terminated because of my association with Valerie Lacey, who was also terminated. I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

RECEIVED MAY 28 2015 LFEO



EXHIBIT
A

PENGAD 800-631-6989

Ry'Kia LAcey v. Norac Additives
Charge No.: 493-2015-00532

## EXHIBIT 5

05/28/2015  12:19   870338  0        LAW OFFICE        PAGE  02/02

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

DATED this _____ day of May 2015.

RY'KIA LACEY

STATE OF ARKANSAS              )
                               )
COUNTY OF PHILLIPS             )

SUBSCRIBED and SWORN to before me on this _27_ day of May, 2015.

NOTARY PUBLIC

MY COMMISSION EXPIRES:
2/11/2021
(SEAL)

B. BRIMLEY
MY COMMISSION # 12380538
EXPIRES: February 11, 2021
Phillips County

9/18/14

Memo to File from Wally McCloskey

Re: Hiring Accounting Staff in California

Prior to the sale of Norac's Pharma Division, Norac accounting activities including general ledger, accounts payable, accounts receivable, check printing, commissions, payroll, etc., were preformed by Norac staff based in Azusa, California.  Norac sold its Pharma Division on 12/31/13 and the Norac California staff stayed with the Pharma business.  At that time, I requested that the Pharma Division buyer and Norac, share the California accounting staff.  The Pharma buyer declined this offer.  I communicated to the Buyer that Norac would be happy to share Marilyn Chiang, Norac's former staff accountant, with them, if in the future they could not use all of her time.  I made this request because of Marilyn's familiarity with Norac's business and accounting procedures and the excellence with which she had performed her accounting activities over her __ years with Norac.

In May of 2014 the Pharma Division manager contacted me and said that Marilyn Chiang's time had freed up to the point that they would allow Norac to pay for and use half of Marilyn's time.  I agreed to this proposal.  Marilyn started back part time with Norac in July, 2014.

With Marilyn back on staff in California, it is most efficient to have the majority of the accounting work performed in California under her direct supervision.  For this reason, we will move most of Norac's accounting activities that are handled in our Helena, Arkansas plant to California.

Other factors to be considered:
Additional reasons for hiring Marilyn – inefficiency and high cost of using our CPA's accountant.
Inefficiency of Helena's accounting staff compared to work previously done by California staff.



## Norac Office Staff Reorganization

Norac management sees a significant benefit to the company to reallocate duties and office staff.

It is apparent that the Helena office is currently over staffed.

Now that we have obtained the services of Marilyn Chiang, our former accountant, it is more effective to move accounting duties to California (see attached memo).

It is our feeling that the duties that will remain in the Helena office would best be performed by Wendy, Pam and Kristen:

Kristen has very specific IT experience.

Wendy is our customer service manager

Pam has broad experience in a variety of office responsibilities.  Although she would not retain her Office Manager Title, because the majority of those she was managing will have been let go, she would handle on-site HR, payroll, inventory, purchasing support and doc control.  She will also need to serve as back up Receptionist and back up Customer Service desk.



EXHIBIT

PENGAD 800-631-6989

**Additives Office Duties**

| **Current Duties** | | **Will be Assigned to:** | **Assignments** |
|---|---|---|---|
| Kesheanna | ISO | QC | Pam |
| | CS Coordinator | Wendy/Pam | |
| | Reception/Window | Pam/Wendy | |
| | AR collection calls | California | |
| | Print Invoices | California/Wendy | |
| | | | |
| Danielle | AR | California | |
| | AP | California | |
| | Doc control | Pam/QC | |
| | | | Wendy |
| Valerie | Local Purchasing | Pam | |
| | HR stuff | Pam | |
| | | | |
| Pam | Hourly PR | Pam/California | |
| | | | |
| Wendy | Customer Service | same | Kristen |
| | Inventory | Pam | |
| | | | |
| Kristen | IT | IT | QC |
| | EHS | EHS | |
| | | | |
| | | | Calif |



EXHIBIT

D

**by Individual**

Hourly PR
HR including New Hire
Inventory        current spreadsheets
                 RM reciepts entry
Local Purchasing
Doc Control
Reception backup
Customer Service backup

Customer Service
CS Coordinator
Print Invoices backup
Reception


IT
EHS

ISO
Doc Control?

AR & cash reciepts
AP & print checks
Rebates and commissions
Print Invoices



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Little Rock Area Office**

820 Louisiana St , Suite 200
Little Rock, AR  72201
Little Rock Direct Dial  (501) 324-5014
Writer's Email  chris stafford@eeoc gov
FAX (501) 324-5991



The Kinchen Law Firm
423 Rightor Street
Helena, AR 72342

RE: Ry'Kia Lacey v NORAC, Inc; EEOC # 493-2015- 00532

Dear Mr Kinchen:

This letter is in reference to the investigation of your Client's (Charging Party – CP) charge of discrimination.  During the course of the investigation, the evidence revealed the following:

You provided the following information and alleged the following:  On December 1, 2014 CP was terminated along with CP's mother Valerle Lacey.  CP was told that the company was downsizing and job responsibilities were being transferred to California.  The job responsibilities were not transferred and remain in the local office.  The supposed downsizing came immediately after Valerie Lacey refused to sign an affidavit in support of Norac in connection with a lawsuit filed by Kesheanna Jackson on the basis of discrimination, equal pay and retaliation.  CP alleged she was terminated because of her association with Valerie Lacey, who was also terminated, and alleged her termination was due to her race (black) and in retaliation for her association with V. Lacey, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Investigation to date revealed the following:  Ry'Kia Lacey was a temporary worker who was employed by Preferred Staffing, a temporary staffing agency, not Norac. Norac contended that they were therefore not R. Lacey's employer, and not a proper Respondent.  R. Lacey did receptionist work for Norac while a Norac employee was on medical leave. Norac used Preferred Staffing's services to help manage the workload while the regular receptionist was unable to perform her job duties. After the office was restructured due to a reduction in force, the receptionist duties were split among the remaining employees. In addition, a Norac production worker was injured on the job and placed on light duty, and in order to accommodate him, Norac give him receptionist duties until he was able to return to his normal position.  Respondent denied that R. Lacey's race was a direct or motivating factor in any decisions made by Norac regarding her employment. Respondent cited that Ry'Kia Lacey's temporary assignment ended before Valerie Lacey, CP's mother, filed her EEOC Charge.

Regarding your allegations of Retaliation, In *University of Texas Southwestern Medical Center v. Nassar*, decided June 24, 2013, the United States Supreme Court held that a plaintiff can no longer establish a retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), merely by demonstrating that retaliation was a "motivating factor" in the employer's decision to fire, demote or otherwise take adverse action.  Instead, plaintiffs must demonstrate that retaliation was the "but for" reason for the employer's adverse action.  In other words, plaintiffs must show that the


**EXHIBIT**
E

adverse employment action would not have happened absent the employer's unlawful retaliatory motive.

If you have additional evidence or significant information that you feel will support your allegations, please submit the information to me in writing **by mail within 14 days of the date of this letter**, and/or contact me at (501) 324-5812, or via the address or email above. Additionally, please provide the following information:

1. Was CP a temporary worker employed by Preferred Staffing?
2. When did CP start her NORCO assignment?
3. What was CP's pay rate at NORCO?
4. How many hours did CP work weekly at the NORCO receptionist position?
5. When was she notified that her assignment was ending?
6. Who (what employees) assumed CP's former receptionist duties? (if known)
7. Is CP still employed by Preferred Staffing?
8. After her NORCO assignment ended, was CP placed in another assignment by Preferred Staffing?   If yes, cite the position, start date, pay rate, and hours worked weekly.
9. How many other Preferred Staffing or other Temporary employees were employed by NORCO?
10. Update the address of Ms. Ry'Kia Lacey.  Recent EEOC correspondence to the address of record for Ms Lacey (250 Fairview, West Helena, AR) was returned by the USPS as undeliverable.

At any time during the EEOC process, the Director may make a decision regarding the merits of your charge based on an analysis of facts.  In the event it is determined the evidence does not support a finding of discrimination, the Director may issue a Dismissal and Notice of Rights (commonly referred to as a Right to Sue) notifying you of your right to pursue the matter in federal court within 90 days of the dismissal. Additionally, if 180 days have passed since the filing of Charging Party's Charge, you may in writing request issuance of a Right to Sue.

Sincerely,

Date: 8/13/2015

*Chris Stafford*
Chris Stafford
Federal Investigator

cc:
Ry'Kia Lacey
250 Fairview
West Helena, AR 72390

# COX, STERLING, McCLURE & VANDIVER, PLLC
### ATTORNEYS AT LAW

CADE L. COX[1]
clcox@csmfirm.com

MELANIE J. McCLURE[2]
mjmcclure@csmfirm.com

BRIAN A. VANDIVER
bavandiver@csmfirm.com

**8712 COUNTS MASSIE RD.**
**NORTH LITTLE ROCK, ARKANSAS 72113**

TELEPHONE (501) 954-8073
FACSIMILE (501) 954-7856
WEB: www.csmfirm.com

ELAINE M. SWANN
emswann@csmfirm.com
PARALEGAL

[1]ALSO ADMITTED IN TN
[2]ALSO ADMITTED IN WA

July 20, 2015

U.S. Equal Employment Opportunity Commission
Attn: Virginia C. Pollard, Enforcement Supervisor
Little Rock Area Office
820 Louisiana, Ste. 200
Little Rock, AR 72201

RECEIVED
JUL 2 2 2015
U.S. EEC
E.RAT?

>           **Re: EEOC Charge No.:**     **493-2015-00533**
>           **Charging Party:**          **Valerie Lacey**
>           **Respondent:**              **Norac, Inc. d/b/a Norac Additives**

Dear Ms. Pollard:

I represent Norac, Inc. d/b/a Norac Additives ("Norac" or "Respondent") with regard to the above-styled EEOC Charge. Please consider this letter Respondent's Position Statement ("Position Statement") in response to the Charging Party's EEOC Charge.

Ry'Kia Lacey was a temporary worker who was employed by Preffered Staffing, a temporary staffing agency, not Norac. Thus, Norac is not a proper Respondent. She did receptionist work for Norac while a Norac employee was on medical leave. Norac used Preferred Staffing's services to help manage the workload while the regular receptionist was unable to perform her job duties.

After the office was restructured, as detailed in Norac's Position Statement regarding Valerie Lacey (see Charge No. 493-2015-00533), who is the mother of Ry'Kia Lacey, the receptionist duties were split among the remaining employees. In addition, a Norac production worker was injured on the job and placed on light duty. To accommodate him, Norac to give him receptionist duties until he was able to return to his normal position.

At no time was Ms. Lacey's race a direct or motivating factor in any decisions made by Norac. Further, Ry'Kia Lacey's temporary assignment ended before Valerie Lacey filed her EEOC Charge. Thus, Norac categorically denies the Charge and respectfully requests that the EEOC dismiss the Charge without merit.



EXHIBIT
F
PENGAD 800-631-6989

Letter to Virginia Pollard, EEOC
July 20, 2015
Page 2

_____

Sincerely,

COX, STERLING, MCCLURE &
VANDIVER, PLLC

By: Brian Vandiver

Brian A. Vandiver

BAV:es

From: **Len Walp** <lwalp@noracadditives.com>
Date: Wed, Jul 9, 2014 at 11:29 AM
Subject: Re: FYI (re-organization)
To: Pamela Payne <pamelap@noracadditives.com>
Cc: Valerie Lacey <vlacey@noracadditives.com>

The temp was only hired because one employee was going to be out for an extended period of time. It also did not hurt to have someone here during the summer vacation season. We will not continue to have a temp after this summer. Customer service has never been a two person full time equivalent job, why is it now? Wally and Mike will expect us to get the job done with the staff we have.

On Wed, Jul 9, 2014 at 10:36 AM, Pamela Payne <pamelap@noracadditives.com> wrote:

Len,


I posed the question to Valerie about office reorganization because she is HR and probably have a better professional answer as to how to handle the situation.


Right off hand we need to know if and or how long we will be using the temp because she could possible take the phones, weekly filing and front window for her time here or she could learn document control and let Danielle continue with the window and answering the telephones.


After speaking with Wendy, we realize that Kesheanna will not be able to take on anything currently due to her needing to dedicate 100% towards customer service.

1



Once, Valerie comes up with some definite scenario about what need to happen then we will get back with you.

*Thanks!*

*Pamela Payne*

ADDITIVES

360 Phillips 311 Road

Helena, AR  72342

Phone: 870-572-9061

Fax:  870-572-4689

Email: pamelap@noracadditives.com

2



Norac, Inc.
360 Phillips 311 Road
Industrial Park Road
Helena, Arkansas 72342-9033

Customer Service: (888) 786-6722
Customer Service Fax: (870) 572-4650
Phone: (870) 572-9061
Fax: (870) 572-4689

I acknowledge that I have received a copy of the Norac, Inc. (Norac Additives) employee
Handbook, revised March, 1990.

Employee Signature

Valerie L. Lacey
Printed Name

March 29, 2014
Date







EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 493-2015-00533 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Valerie Lacey | (870) 572-5514 | 04-13-1966 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 2244, West Helena, AR 72390 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NORAC ADDITIVES INC. | 15 - 100 | (870) 575-9061 |

| Street Address | City, State and ZIP Code |
|---|---|
| 360 Phillips 311 Road, Helena, AR 72342 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 12-02-2014   Latest: 12-02-2014

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired on or about April 7, 2014 as the Human Resources/Purchasing Manager. Around late October or November 2014, the company's attorney interviewed me concerning a law suit that had been filed by a former employee. The affidavit was not true. I refused to sign the affidavit because it contained statements that I did not say and no corrections were made to my statements. On or about December 2, 2014, I was discharged.

I was told that my position was moved to California.

I believe I was discharged because of my race, Black and in retaliation for opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| x 9/16/15    x Valerie Lacey<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT
1

7

EEOC FORM 131 (11-(9)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mr. Len Walp<br>Plant Manager<br>NORAC ADDITIVES INC.<br>360 Phillips 311 Road<br>Helena, AR 72342 | **Valerie Lacey** |
| | THIS PERSON (check one or both) |
| | [X] Claims To Be Aggrieved |
| | [ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**493-2015-00533** |

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)  [ ] The Equal Pay Act (EPA)  [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)  [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1  [ ] No action is required by you at this time.

2  [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3  [X] Please provide by **27-APR-15** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4  [X] Please respond fully by **27-APR-15** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5  [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by  **10-APR-15**
to    Tamra Glover, ADR Mediator, at (501) 324-5458
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Virginia C. Pollard,<br>Enforcement Supervisor | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201<br>Fax: (501) 324-5991 |
|---|---|
| *EEOC Representative* | |
| Telephone   **(501) 324-6016** | |

Enclosure(s)  [X] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [ ] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| March 26, 2015 | William A. Cash, JR,<br>Area Office Director | |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

KESHEANNA JACKSON                                           PLAINTIFF

VS.                         CASE NO. 2:14-cv-125-DPM

NORAC ADDITIVES, INC.                                       DEFENDANT

### AFFIDAVIT OF VALERIE LACEY

Comes Valerie Lacey, and after being duly sworn, upon her oath, states as follows:

1.   My name is Valerie Lacey. I am over the age of eighteen, and I am competent to execute this affidavit.

2.   I am an African American female.

3.   I began working at Norac Additives, Inc. (hereinafter referred to as "Norac") in early April of 2014 as an HR (Human Resources) Manager and as the Purchasing Manager. I report to Pam Payne, the Office Manager.

4.   I have never felt that Len Walp, the Plant Manager, or any other Norac employee, has treated me differently because of my race or gender.

5.   I have not observed Len Walp, or any other Norac employee, treat another Norac employee differently because of his or her race or gender.

6.   With regard to my opinions of Kesheanna Jackson as a co-worker, she is a very strong "go-getter," meaning she is willing to do her job. She is also very knowledgeable with regard to the functions of the company. She is a valuable asset. Len Walp was very confrontational with Kesheanna Jackson and Pamela Payne, but I do not know what his motive was.



1

7.      As Norac's HR Manager, Kesheanna Jackson would have been required to report any complaints to me.  She has never mentioned race or gender in any of her complaints addressed to me, as the HR Manager.  Kesheanna Jackson mentioned the EEOC charge that she filed against Norac, and during that conversation, she never once brought to my attention any allegations regarding discrimination based on her race or gender.  This conversation occurred sometime in early May of 2014. *When Kesheanna made these Charges, I was not working here at that time, But when she mintioned that she*

8.      I have never felt harassed for being an African American female by any Norac *didn't a that tim* employee.

9.      I have no reason to believe that Kesheanna Jackson was discriminated against because of her race or gender.  *I Can't Say that because when most of this was going on I was not Work here at the Time*

10.     To the extent that Len Walp treats employees differently, I have no reason to believe it is because of race or gender.  *I can't Say the because I don't Know What his reason is*

11.     I have not witnessed or observed any other Norac employee using racial slurs in the workplace.

12.     I feel that I have always been treated fairly by the company.  *As A Person not As a manager*
*you make mi change*

13.     While employed at Norac, I have never witnessed anyone swearing or threatening Kesheanna Jackson.  However, I have witnessed someone shouting at Ms. Jackson, but I have no reason to believe that was because of her race or gender.  *Take off*

14.     I have no reason to believe that Norac would treat its African American and *Take out* female employees differently from any other employee.

15.     No one at the company has ever made a report of discrimination to me.

16.     Len Walp has never asked me to scrutinize Kesheanna Jackson's work, as she alleged in her Complaint.

2

*OK* 17.    With regard to Kesheanna Jackson's allegation that Len Walp failed to investigate her complaint regarding another employee being paid for time that she had not earned, I can confirm that an investigation did take place because Pam Payne and Mike Connors did the investigation.  Kesheanna Jackson was given a raise after the investigation concluded, but she indicated to me that the raise should have been higher.  In contrast, I feel the raise she received was adequate and fair.


_____

Valerie Lacey

STATE OF ARKANSAS     )
              )ss.
COUNTY OF PHILLIPS    )

   I, the undersigned notary public for the aforesaid jurisdiction do hereby certify that **Valerie Lacey** personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

   Witness my hand and official seal this _____ day of _____, 2014.


            _____
            Notary Public

My Commission Expires:

_____
( S E A L )

4

02/18/2015  12:13      8703388030            LAW OFFICE                    PAGE  02/05

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

HELENA DIVISION


KESHEANNA JACKSON PLAINTIFF

VS. CASE NO. 2:14-cv-125-DPM

NORAC ADDITIVES, INC. DEFENDANT


AFFIDAVIT OF VALERIE LACEY


Comes Valerie Lacey, and after being duly sworn, upon her oath, states as follows:


1. My name is Valerie Lacey. I am over the age of eighteen, and I am competent to

execute this affidavit.

2. I am an African American female.

3. I began working at Norac Additives, Inc. (hereinafter referred to as "Norac") in

early April of 2014 as an HR (Human Resources) Not Representative,  but as HR Manager and as the
Purchasing

Manager. I report to Len Walp, the Plant Manager.  I report to Pamela Payne the office manager

4. I have never felt that Len Walp, the Plant Manager, or any other Norac employee,

has treated me differently because of my race or gender.

5. I have not observed Len Walp, or any other Norac employee, treat another Norac

employee differently because of his or her race or gender.

6. With regard to the problems Kesheanna Jackson had with Len Walp, I believe

those problems are the result of conflicting personalities. I didn't say Len Walp often seemed to be

Valerie LAcey v. Norac Additives
Charge No.: 493-2015-00533



EXHIBIT

K

23



confrontational with Kesheanna, but their conflicts with each other were never related to race and gender. I believe they had a lot of personality conflicts, I didn't say that

7. With regard to my opinions of Kesheanna Jackson as a co-worker, she is a very strong "go-getter," meaning she is willing to do her job. She is also very knowledgeable with regard to the functions of the company. She is a valuable asset, but she can be confrontational at times. I didn't say that!!, I said that Len Walp was very confrontational with Kesheanna and Pamela

8. As Norac's HR Not representative, HR Manager Kesheanna would have been required to report any complaints to me. She has never mentioned race or gender in any of her complaints addressed to me, as the HR representative. Kesheanna and I not discussed, but mentioned EEOC charge that she filed against

Norac, and during that conversation, she never once brought to my attention any allegations regarding discrimination based on her race or gender. This conversation occurred sometime in the Not middle, but early of May of 2014.

9. I have never felt harassed for being an African American female by any Norac employee.

10. I do not believe that Kesheanna Jackson was discriminated against because of her race or gender. Don't know what to believe, but it is something

11. I have not witnessed or observed any other Norac employee using racial slurs in the workplace.

12. I don't believe that Len Walp treats all of his employees the same. I said that Len don't treat all the employees the same

13. I feel that I have always been treated fairly by the company, As a person, but not as a manager because where else do the HR manager report to the Office Manager,

14. While employed at Norac, I have never witnessed anyone swearing, threatening, or shouting at Kesheanna Jackson. I didn't say that!! I said that I have witnessed someone shouting at Kesheanna

15. I have no reason to believe that Norac would treat its African American and



female employees differently from any other employee, I need to retract this statement, because I am a Black Female that work for this company and I'm being treated differently now. I'm a Bounded Notary Public in the state of Arkansas, and the company President did not want me the company HR Manager to notarize the statements from the staff

16. No one at the company has ever made a report of discrimination to me.

17. I have never observed Len Walp changing Kesheanna Jackson's work

assignment.

18. Len Walp has never asked me to scrutinize Kesheanna Jackson's work, as she

alleged in her Complaint.

19. I do not believe that Len Walp created a work environment that was impossible

for Kesheanna Jackson to work in. Further, I do not believe the work environment at Norac to be

an impossible environment in which to work. Although I feel Kesheanna Jackson experienced

some nit-picking, I do not feel that Kesheanna Jackson was subjected to a hostile work

environment. Take out the not in red, I do feel that Kesheanna was subject to a hostile work environment

20. With regard to Kesheanna Jackson's allegation that Len Walp failed to investigate

her complaint regarding another employee being paid for time that she had not earned, I can

confirm that an investigation did take place, because I assisted Mr. Walp in his investigation.

Kesheanna Jackson was given a raise after the investigation concluded, but she indicated to me

that the raise should have been higher. In contrast, I feel the raise she received was adequate and

fair. I didn't say that, I said that Pamela Payne and Mike Connors did the investigation

Valerie Lacey

3

STATE OF ARKANSAS )

)ss.

COUNTY OF PHILLIPS )


I, the undersigned notary public for the aforesaid jurisdiction do hereby certify that

Valerie Lacey personally appeared before me this day and acknowledged the due execution of

the foregoing instrument.


Witness my hand and official seal this _____ day of _____, 2014.


_____

Notary Public


My Commission Expires:


( S E A L )


4

**Brian Vandiver**

| | |
|---|---|
| **From:** | Valerie Lacey <vlacey@noracadditives.com> |
| **Sent:** | Tuesday, November 18, 2014 1:37 PM |
| **To:** | Julie Harrison |
| **Cc:** | Brian Vandiver; George Ernst |
| **Subject:** | RE: K. Jackson vs. Norac Additives, Inc. |
| **Attachments:** | Affidavit Change of V Lacey 2014.pdf |

**From:** Julie Harrison [mailto:jharrison@mwlaw.com]
**Sent:** Tuesday, November 18, 2014 10:23 AM
**To:** 'vlacey@noracadditives.com'
**Cc:** Brian Vandiver; George Ernst
**Subject:** K. Jackson vs. Norac Additives, Inc.

Ms. Lacey,

Please find attached the Affidavit you worked on with Brian today.  I thank you for your courtesies.

MITCHELL | WILLIAMS

**Julie Harrison** | Paralegal
T 501.370.4223 | F 501.918.7223
jharrison@mwlaw.com | MitchellWilliamsLaw.com
425 W. Capitol Ave. | Ste. 1800 | Little Rock, AR 72201
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.

Confidentiality Notice: This electronic mail transmission and any attachment may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail or by calling (501) 688-8800 Little Rock, AR (479) 464-5650 Rogers, AR (512) 480-5100 Austin, TX (267) 757-8780 Newtown, PA or (870) 336-9292 Jonesboro, AR so that our address record can be corrected.



EXHIBIT

L

**Michael P Connor**
President
Norac Additives
December 8, 2014

TO WHOM IT MAY CONCERN

Valerie Lacey was employed by Norac Additives, a privately held specialty chemical manufacturer in Helena- West Helena, Arkansas for approximately 8 months through December 2, 2014.

Valerie was hired to assist the Office Manager primarily with human resource and purchasing functions.   Unfortunately, her position, along with two other positions, were eliminated effective December 2, 2014.  This was the result of a reorganization that transferred several business functions to Norac's California office.

During her tenure with Norac Additives, Valerie was reliable and cooperative and performed all duties in a satisfactory manner.

I welcome inquires from any prospective employer who may be considering a potential engagement of Valerie's services.

Sincerely,

Michael Connor

mconnor@noracadditives.com

