IN THE UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
ARKANSAS HELENA DIVISION

**VALERIE LACEY and**
**RY'KIA LACEY**                                                                                          **PLAINTIFFS**

V.                                        NO. 2:16CV016 KGB

**NORAC ADDITIVES, INC.**                                                                    **DEFENDANT**

**PLAINTIFF'S MOTION TO STRIKE EXHIBIT**

Come Plaintiffs, by their attorney, Robert E. Kinchen, and pursuant to Rules 26(a)(1) and 37 of the Federal Rules of Civil Procedure move this Court to strike Exhibit 9 attached to Defendant's Motion for Summary Judgment. In support of said motion, Plaintiffs state as follows:

1.     Defendant's Exhibit 9 was produced for the first time when it was attached to the Motion for Summary Judgment.

2.     On the day of the close of discovery Defendant's attorney sent an email to Plaintiffs' attorney which stated "[m]y client also reserves the right to exercise a limited waiver of the attorney-client privilege, if needed, and use at trial e-mails to me from September 2014 concerning the RIF documents and my witness interview summaries created by my paralegal at my direction that summarize in detail what was said during the witness interviews in November 2014" However, the documents mentioned were never produced. See Exhibit __.

3.     Defendant did not make any initial disclosures pursuant to Rule 26. Further Defendant failed to produce this document in response to interrogatories served upon it. Defendant was specifically

asked to produce any and all documents or other materials relating to the reduction in force in December 2014. See Exhibit __.

      4.      Exhibit 9 is not a document to be used for impeachment, and therefore, was not exempt from disclosure.

      5.      Federal Rule of Civil Procedure 26(e) provides:

(1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
  (B) as ordered by the court.

Fed. R. Civ. P. 26(e)

      6.      One of the purposes of Rule 26(e) is to "prevent surprise at trial." *Talbert v. City of Chicago*, 236 F.R.D. 415, 421 (N.D. Ill. 2006) ("Long gone are the days of litigation by ambush where key witnesses or critical information is sprung on the opponent at the last moment, too late to respond, counter[,] or learn the details of the information").

      WHEREFORE, Plaintiffs pray that an order be entered striking Exhibit 9 form the record and excluding the use of said document and its content in this case.

Respectfully submitted,

**BY:**   /Robert Kinchen/_____
  **ROBERT E. KINCHEN,**
423 Rightor Street
Helena, AR 72342
Arkansas Bar No. 2008051
Telephone:   870-338-6487
Facsimile:    870-338-8030
rekinchen8@gmail.com
rekelk@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 12, 2017, the foregoing was served to Brian Anthony Vandiver, **bvandiver@mwlaw.com**.

**BY:**   /Robert E, Kinchen/_____
**ROBERT E. KINCHEN**
STATE BAR NO: 2008051
423 RIGHTOR STREET
HELENA, AR 72342
(870) 338-6487
(870) 338-8030
rekinchen8@gmail.com
rekelk@yahoo.com